A. J. Diebold v. Commissioner.
Diebold v. Commissioner
Docket No. 24412.
United States Tax Court
1950 Tax Ct. Memo LEXIS 24; 9 T.C.M. (CCH) 1123; T.C.M. (RIA) 50307; December 7, 1950
*24 Respondent's determination approved for failure of proof that a corporate entity should be disregarded. J. Henry O'Neill, Esq., 1307 Oliver Bldg., Pittsburgh, Pa., for the petitioner. Kalman A. Goldring, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $9,198.58 in the petitioner's income tax liability for 1945. The issue is, whether, for purposes of computing net gain on sale of stock, we should regard a testamentary disposition of certain shares to the corporation the same as though that disposition had been made directly to the shareholders. Findings of Fact Diebold Investment Company is a business corporation incorporated under the laws of the Commonwealth of Pennsylvania on December 29, 1915. The authorized capital of Diebold Investment Company at the time of incorporation was $5,000, consisting of 100 shares of the par value of $50 each. Upon organization, 96 shares of the capital stock of Diebold Investment Company, having an aggregate par value of $4,800, were subscribed and paid for by M. Diebold and his seven sons, of whom petitioner is one, in the proportions of 12 *25 shares each. All the shares of Diebold Investment Company were, by unanimous agreement of the stockholders, deposited with the treasurer and secretary of Diebold Investment Company and subject to release only with the consent of five directors. M. Diebold, petitioner's father, died February 19, 1925. His 12 shares of stock of Diebold Investment Company were disposed of to his daughter, Beatrice D. Brady, by a sale to her of eight shares on February 4, 1922, and by bequest under his will as to the remaining four shares. F. X. Diebold, a brother of petitioner, died on February 26, 1927, domiciled in Pittsburgh, Pennsylvania, leaving a will dated January 21, 1927. At the time F. X. Diebold executed his will and at the time of his death, the stock of Diebold Investment Company was owned in equal proportions by himself and his six brothers and the sister referred to above. F. X. Diebold bequeathed and devised his entire residuary estate to Diebold Investment Company, the provision of the will relating thereto reading as follows: "ELEVENTH: All the rest, residue and remainder of my estate, real, personal and mixed wheresoever the same may be situate at the time of my death, *26 I give, devise and bequeath absolutely and in fee simple to Diebold Investment Company, a corporation of Pittsburgh, Pa." In addition to other miscellaneous personal property, real estate and his stock of Diebold Investment Company, F. X. Diebold, at the time of execution of his will and at the time of his death, owned stocks and bonds of other companies which were closely held and in which his brothers and sister were jointly interested. The residuary estate of F. X. Diebold included his stock of Diebold Investment Company and the property hereinabove mentioned, and the value thereof, as finally determined for Federal estate tax purposes, was $343,413.61. Diebold Investment Company accepted the bequest and devise under the will of F. X. Diebold and executed and filed in the Probate Court a stipulation to take the residuary estate in kind. All the stockholders of Diebold Investment Company were also the directors of that company. The petitioner and his brothers, C. J. Diebold and E. A. Diebold, were the executors appointed under the will of F. X. Diebold. F. X. Diebold at the time of execution of his will and at the time of his death was unmarried. Diebold Investment *27 Company paid stock dividends on March 14, 1930, and on August 18, 1937, whereby the holdings of 12 shares each of the seven aforesaid stockholders, including the petitioner, were inc reased to 200 shares each. On October 13, 1945, petitioner had remaining 150 shares of Diebold Investment Company, which, on that date, he sold for $70,200. In reporting his gain on the sale, petitioner excluded from the proceeds, the value of his pro rata share as a stockholder, of the bequest to the corporation by F. X. Diebold. The respondent determined that 50 per cent of the amount received for the shares should be taken into account. The parties stipulated that petitioner's basis for computing gain or loss on the disposition of his 150 shares of capital stock in Diebold Investment Company is $30,312.37 in the event that the Court sustains petitioner's contention on the primary issue, otherwise, the petitioner's basis for the stock is $54.59 as determined by the respondent. Opinion VAN FOSSAN, Judge: With the exception of the concluding paragraph of the above facts, the instant case was submitted on the allegations of petitioner, as admitted by respondent in his answer. The concluding paragraph *28 was stipulated by the parties. Reduced to its essence, petitioner's position is that the corporate entity of Diebold Investment Company should be entirely disregarded and the profits on the sale of 150 shares by petitioner in 1945 should be determined as though the predecessor shares had been bequeathed by F. X. Diebold in 1927 direct to the several shareholders, of whom petitioner was one. We cannot agree. The admitted facts, unembellished by any evidence as to the intention of the creators of the corporation or its operations over the 30 years of its existence, are far too meager to enable us to say that the corporation should be disregarded as though non-existent. So to do would be mere speculation on our part. On the facts before us, petitioner has not established his contentions nor has he proved respondent to be in error in his determination. The cases cited by petitioner fall far short of being controlling authority for his position in the instant case. Decision will be entered under Rule 50